IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN FLUKER, III ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE FARM MUTUAL AUTOMOBILE ) <br> INSURANCE COMPANY ) <br> ) <br> Defendant. ) | Case No. |

## COMPLAINT

Plaintiff Calvin Fluker, by and through his attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, states as follows for his Complaint against State Farm Mutual Automobile Insurance Company ("State Farm"):

## INTRODUCTION

1. Calvin Fluker is an African American man who has worked in the insurance industry for over nine years.

2. After joining State Farm in 2013, Calvin Fluker confronted State Farm's culture of racism, discrimination, and harassment which continued throughout the course of his career there.

3. As a Claims Specialist in the State Farm Corporate Office, Calvin Fluker witnessed and experienced discrimination, namley from his Team Manager, Holly Lindstrom.

4. Upon information and belief, others have made similar complaints about Team Manager Holly Lindstrom.

5. After reporting his concerns to Section Manager Scott Steele, Calvin Fluker was written up and ultimately constructively discharged for raising his concerns.

## JURISDICTION AND VENUE

6. On March 4, 2022, Calvin Fluker filed a Charge of Discrimination with the Unites States Equal Employment Opportunity Commission ("E.E.O.C.").

7. A Notice of Right to Sue letter was issued to Calvin Fluker by the E.E.O.C. on March 25, 2022.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action involved federal questions regarding the deprivation of Plaintiff's rights under 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

9. This Court has personal jurisdiction over the Defendant because the Defendant has its principal place of business within this jurisdiction.

10. Venue is proper in this jurisdiction under 42 U.S.C. § 2000e-5(f)(3) because Defendant's unlawful employment practice was committed in this judicial district, and the employment records relevant to their unlawful practices are maintained and administered in this judicial district. Alternatively, Defendant's principal office is within this judicial district.

## PARTIES

11. Calvin Fluker is an African American male, and a former employee of State Farm.

12. At all relevant times, Calvin Fluker was employed by State Farm in the Irving, Texas office.

13. State Farm is a large group of insurance companies throughout the United Stated, including Texas, with its corporate headquarters in Bloomington, Illinois.

14. Defendant's headquarters and principal office in Bloomington, Illinois maintains and administers relevant employment records, including individual employee employment records, manager employment records, employee handbooks, discrimination and harassment policies, and discrimination and harassment investigation materials.

15. State Farm is an employer as defined by Title VII of the Civil Rights Act of 1964 and was, at all relevant times to this complaint, Calvin Fluker's employer.

## BACKGROUND

16. In 2013, Calvin Fluker began his employment with State Farm as a Claims Specialist.

17. Beginning in or around 2015, Calvin Fluker began working with the Centralized Investigation Team in the State Farm Claims Office in Irving, Texas.

18. Beginning in or around 2017, Calvin Fluker was subjected to discrimination, harassment, and a hostile work environment by Team Manager Holly Lindstrom.

19. Shortly before joining Team Manager Holly Lindstrom's team in or around March 2020, Team Manager Lindstrom indicated to Team Manager Jeff Kumler that she intended to "challenge" Calvin Fluker.

20. While on Team Manager Holly Lindstrom's team, Calvin Fluker was required to manage significantly more claims than his counterparts. Calvin Fluker managed approximately 125 claims while his counterparts only managed around 75 claims.

21. As a result of this inflated workload, in or around February 2021, Calvin Fluker requested to be turned off cue, i.e. to no longer receive new incoming claims.

22. In response, Team Manager Holly Lindstrom denied Mr. Fluker's request, but then allowed other, white employee, team members with less claims to be turned off cue.

23. On or around March 12, 2021, Calvin Fluker again raised concerns to Team Manager Holly Lindstrom regarding his workload and the time needed to complete the work assigned to him.

24. On or around March 26, 2021, Calvin Fluker informed Holly Lindstrom that he would be escalating these concerns regarding his workload and the time needed to complete this work to his Section Manager, Scott Steele.

25. Team Manager Holly Lindstrom, however, made clear that she did not want Calvin Fluker to speak to his Section Manager Scott Steele about workload concerns.

26. However, because Holly Lindstrom continually ignored Calvin Fluker's concerns about his workload, Mr. Fluker felt compelled to – and did – raise the ongoing issue with his Section Manager Scott Steele.

27. In response, on or around June 25, 2021, Calvin Fluker suffered an adverse employment action in the form of a write up by Team Manager Holly Lindstrom in which Ms. Lindstrom falsely accused Mr. Fluker of falsifying his timecard.

28. The allegations set forth in Team Manager Holly Lindstrom's write up of Mr. Fluker were false.

29. Based on information and belief, Team Manager Holly Lindstrom had raised these same false allegations, regarding falsified timecards, against other African American employees but had not made such allegations against white employees.

30. On or around June 28, 2021, Calvin Fluker informed various team managers and Human Resources that he needed to take a leave of absence and would be filing for short term disability as a result of the hostile working conditions he suffered at State Farm and the resulting mental and emotional distress.

31. On or around June 29, 2021, Calvin Fluker took said leave of absence and applied for short-term disability.

32. On or around July 3, 2021, Calvin Fluker was diagnosed with major depressive disorder and general anxiety disorder due State Farm's hostile work environment and unreasonable work conditions.

33. Based upon information and belief, State Farm was aware of these diagnoses.

34. Despite this knowledge, Team Manager Holly Lindstrom continuously harassed Calvin Fluker about returning to work or else State Farm would consider Mr. Fluker to have resigned.

35. On or around August 11, 2021, Calvin Fluker contacted State Farm Human Resources to inform them he was still on leave as a result of his diagnoses.

36. On or around this same date, Calvin Fluker contacted Team Manager Holly Lindstrom regarding the same.

37. On or around August 12, 2021, Team Manager Holly Lindstrom sent a formal letter to Calvin Fluker threatening termination if he did not contact management.

38. Based on information and belief, Team Manager Holly Lindstrom has threatened other African American employees with termination while these employees took a leave of absence but had not made such threats to similarly situated white employees.

39. On or around August 14, 2021, Calvin Fluker contacted State Farm Human Resources indicating the he intended to return to work.

40. However, due to the continuous threats of termination from Team Manager Holly Lindstrom while Mr. Fluker was on a leave of absence related to mental and emotional distress that resulted from his time at State Farm, Plaintiff's working conditions became intolerable.

41. On or around September 7, 2021, as a direct result of the objectively intolerable working conditions, harassment, racial discrimination, and hostile work environment, Calvin Fluker resigned.

42. Mr. Fluker's resignation constituted a constructive discharged from State Farm.

## COUNT 1
### Title VII, 42 U.S.C. § 2000(e), et seq.
### Discrimination, Harassment, and Hostile Work Environment Claim

43. Each of the foregoing paragraphs are incorporated herein as if fully restated.

44. As an African American, Calvin Fluker is a member of a protected class.

45. As described above, State Farm's conduct towards Calvin Fluker was discriminatory and occurred because of and based upon Mr. Fluker's race.

46. State Farm's conduct occurred over several months, constituting a continuing course of discrimination towards Plaintiff.

47. State Farm committed an unlawful employment practice by treating Plaintiff differently because of his race, causing a change in the condition of his employment and subjecting him to a hostile work environment.

48. Plaintiff was subjected to a racially discriminatory environment that was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that Plaintiff in fact did perceive to be so.

49. State Farm's conduct had the purpose or effect of unreasonably interfering with Plaintiff's work performance.

50. State Farm's conduct had the purpose or effect of creating an intimidating and hostile work environment.

51. State Farm's actions permeated the workplace with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive and regular to alter the conditions of Plaintiff's employment and create an abusive working environment.

52. State Farm's discriminatory conduct created a hostile work environment for Calvin Fluker.

53. Plaintiff was subjected to a racially discriminatory and hostile work environment that was both objectively and subjectively offensive, one that a reasonable employee in Plaintiff's position would have felt compelled to resign from.

54. State Farm was aware of the racially discriminatory and hostile work environment and failed to remedy these working conditions.

55. State Farm's racist and discriminatory conduct included adverse employment actions and constructively discharging Calvin Fluker.

56. State Farm willfully and intentionally subjected Calvin Fluker to racial discrimination.

57. State Farm knew its actions violated Title VII or it was recklessly indifferent in that regard.

58. Defendant State Farm has therefore denied Plaintiff his rights under the Civil Rights Act of 1964 and he has suffered damages as a direct result of his rights being violated.

59. As a direct and proximate result of the foregoing, Calvin Fluker has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Calvin Fluker claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

## COUNT II
### Civil Rights Act of 1866, 42 U.S.C. § 1981
### Intentional Racial Discrimination and Hostile Work Environment

60. Each of the foregoing paragraphs are incorporated herein as if fully restated.

61. As described above, State Farm's conduct towards Calvin Fluker was discriminatory and occurred because of and based upon Mr. Fluker's race.

62. State Farm willfully and intentionally subjected Calvin Fluker to racial discrimination.

63. State Farm knew its actions violated Section 1981 of the Civil Rights Act of 1866 or it was recklessly indifferent in that regard.

64. Defendant has therefore denied Plaintiff his rights under Section 1981 of the Civil Rights Act of 1866 and he has suffered damages as a direct result of his rights being violated.

65. As a direct and proximate result of the foregoing, Calvin Fluker has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Calvin Fluker claims compensatory and punitive damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### COUNT III
### Violation of Texas Labor Code
### Tex. Labor Code Ann. § 21.051
### Discrimination

66. Each of the foregoing paragraphs are incorporated herein as if fully restated.

67. As an African American, Calvin Fluker is a member of a protected class.

68. As described above, State Farm's conduct towards Calvin Fluker was discriminatory and occurred because of and based upon Mr. Fluker's race.

69. Calvin Fluker suffered adverse employment actions, namely a write up and constructive discharge, as a result of his race.

70. State Farm willfully and intentionally subjected Calvin Fluker to racial discrimination.

71. State Farm knew its actions violated Section 21.051 of the Texas Labor Code or it was recklessly indifferent in that regard.

72. Defendant has therefore denied Plaintiff his rights under the Texas Labor Code and he has suffered damages as a direct result of his rights being violated.

73. As a direct and proximate result of the foregoing, Calvin Fluker has suffered, and will continue to suffer, damages including, but not limited to, loss of front and back wages, earnings, benefits, insurance premiums, emotional distress, and other damages to be determined at trial. Plaintiff claims special damages, economic damages, and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Calvin Fluker, by and through his attorneys, Hart McLaughlin & Eldridge, LLC, and Ben Crump Law, respectfully requests that the Court enter an Order granting the following relief against the Defendant, State Farm Mutual Automobile Insurance Company:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff lost wages;

C. Awarding Plaintiff damages for his emotional distress;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff his reasonable attorneys' fees and litigation costs; and

F. Awarding such other and further relied as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on each and every one of his claims.

Dated: June 23, 2022

Respectfully Submitted,


/s/ Robert J. McLaughlin, Esq.


Robert J. McLaughlin, Esq. #6272701
Steven A. Hart, Esq. #6211008
Carter D. Grant, Esq. #6306058
Y'Noka Y. Bass, Esq. #6338700
**Hart McLaughlin & Eldridge, LLC**
22 West Washington, Suite 1600
Chicago, Illinois 60602
Tel: (312) 955-0545
Fax: (312) 971-9243
FIRM ID: 59648
rmclaughlin@hmelegal.com
shart@hmelegal.com
cgrant@hmelegal.com
ybass@hmelegal.com

Benjamin Crump
**BEN CRUMP LAW**
122 S. Calhoun Street
Tallahassee, Florida 32301
P. (800) 713-1222
ben@bencrump.com